a.     the dates and amounts of all payments received from the debtors and/or the Chapter 13 trustee; and

b.     the allocation of any payment received to fees and expenses; and

2.     the Chapter 13 trustee file within 7 days thereafter a response to the foregoing statements only if her records of payment differ from those of Attorney Lafayette;

3.     within 45 days of the entry of the said order, Attorney Lafayette disgorge to each of debtors in the Oyola, Rolon, Daigneault, Caci and Davis cases all payments received from the debtors and/or the Chapter 13 trustee, excluding only the filing fee, and file with this Court within 7 days thereafter a certificate of compliance together with a copy of each check;

4.     within 30 days of the entry of the said order, Attorney Lafayette disgorge to the debtor in the LaFrance case so much of the payments received from the debtor and/or the Chapter 13 trustee which may exceed the amount allowed herein, and shall file within 7 days thereafter a certificate of compliance together with a copy of his check to the debtor, if any;

5.     within 120 days of the entry of the said order, Attorney Lafayette file a fee application in each Chapter 7 and 13 case in the District of Massachusetts in which he appears on behalf of a debtor, but only if he has a claim for unpaid compensation or expense reimbursement either against the debtor or the estate;

6.     Attorney Lafayette's claim for unpaid compensation or expense reimbursement be deemed waived in any case in respect to which he fails to comply with paragraph 5 above; and

7.     on and after the entry of this order, the Chapter 13 trustee not make any payments to Attorney Lafayette on account of any request for compensation or reimbursement of expenses absent a court order;

8.     on and after the entry of this order, Attorney Lafayette deposit any payment received from a Chapter 13 or 7 debtor in the District of Massachusetts in his client trust account and refrain from disbursing those funds until and unless a fee application permitting such disbursement is granted by the bankruptcy judge assigned to such case, unless such judge orders otherwise; and

44

9.    the terms set forth in paragraphs 7 and 8 hereof be reviewed by this Court at intervals set by the court in its sole discretion, the first such review to occur approximately 12 months herefrom.


DATED:     June 10, 2004

                                          Henry J. Boroff
                                          United States Bankruptcy Judge


cc:    Francis Lafayette, Esq.
       Denise Pappalardo, Chapter 13 trustee
       United States trustee
       Debtors

45

United States Bankruptcy Court

District of Massachusetts

```
                              )
     In re:                   )
                              )       Chapter 13
     HECTOR L. ROLON,         )
                              )       Case No. 02-45994-HJB
           Debtor             )
                              )
```

### ORDER

For the reasons set forth in this Court's Memorandum of Decision of even date, and pursuant to this Court's Case Management Order of June 24, 2003, it is hereby

ORDERED that:

1.  within 120 days of the entry of this order, Attorney Lafayette file a fee application in each Chapter 7 and 13 case in the District of Massachusetts in which he appears on behalf of a debtor, but only if he has a claim for unpaid compensation or expense reimbursement either against the debtor or the estate;

2.  Attorney Lafayette's claim for unpaid compensation or expense reimbursement be deemed waived in any case in respect to which he fails to comply with paragraph 1 above; and

3.    on and after the entry of this order, the Chapter 13 trustee not make any payments to Attorney Lafayette on account of any request for compensation or reimbursement of expenses absent a court order;

4.    on and after the entry of this order, Attorney Lafayette deposit any payment received from a Chapter 13 or 7 debtor in the District of Massachusetts in his client trust account and refrain from disbursing those funds until and unless a fee application permitting such disbursement is granted by the bankruptcy judge assigned to such case, unless such judge orders otherwise; and

5.    the terms set forth in paragraphs 7 and 8 hereof be reviewed by this Court at intervals set by the court in its sole discretion, the first such review to occur on June 15, 2005 at 2:00 p.m. in Springfield, Massachusetts.

DATED:    June 10, 2004

Henry J. Boroff
United States Bankruptcy Judge

cc:    Francis Lafayette, Esq.; Denise Pappalardo, Chapter 13 trustee; United States trustee; Hector L. Rolon

2

United States Bankruptcy Court

District of Massachusetts

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| HECTOR L. ROLON, | ) | |
| | ) | Case No. 02-45994-HJB |
| Debtor | ) | |
| | ) | |

## ORDER

The instant Notice of Appeal of this Court's order of June 10, 2004 was filed untimely, pursuant to Fed. R. Bankr. P. 8002(a). Accordingly, pursuant to authority granted and direction provided by LR, D.Mass. 203(a), this Court hereby dismisses the said appeal for want of jurisdiction. See In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985).

DATED:     June 29, 2004

Henry J. Boroff
United States Bankruptcy Judge

cc:     Francis Lafayette, Esq.
        Denise Pappalardo, Chapter 13 trustee
        United States trustee
        Hector L. Rolon

# United States Bankruptcy Court
## District of Massachusetts

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| HECTOR L. ROLON, | ) | |
| | ) | Case No. 02-45994-HJB |
| Debtor | ) | |
| | ) | |

## ORDER

For the reasons set forth in this Court's Memorandum of Decision of even date, the "Motion for Reconsideration and to Allow Late Filing of Appeal on Grounds of Excusable Neglect (Fed. R. Bankr. P. 8002(c))" filed by Attorney Francis Lafayette is DENIED.

DATED:    July 8, 2004

Henry J. Boroff
United States Bankruptcy Judge

cc:    Francis Lafayette, Esq.
       Denise Pappalardo, Chapter 13 trustee
       United States trustee
       Hector L. Rolon

# United States Bankruptcy Court
## District of Massachusetts

|  |  |
|---|---|
| In re:<br><br>JOSEPH L. LaFRANCE,<br><br>    Debtor | Chapter 13<br><br>Case No. 02-42450-HJB |
| In re:<br><br>MARTA L. OYOLA,<br><br>    Debtor | Chapter 13<br><br>Case No. 02-45398-HJB |
| In re:<br><br>HECTOR L. ROLON,<br><br>    Debtor | Chapter 13<br><br>Case No. 02-45994-HJB |
| In re:<br><br>KATHLEEN M. DAIGNEAULT,<br><br>    Debtor | Chapter 13<br><br>Case No. 02-46689-HJB |
| In re:<br><br>PETER AND DENISE CACI,<br><br>    Debtor | Chapter 7<br><br>Case No. 02-47249-HJB |

```
                                    )
     In re:                         )
                                    )          Chapter 13
     MARK BENNETT and               )
     ANGELA BENNETT                 )          Case No. 03-40074-HJB
                                    )
          Debtor                    )
                                    )
_____    )

                                    )
     In re:                         )
                                    )          Chapter 13
     STEFAN DAVIS,                  )
                                    )          Case No. 03-40199-HJB
          Debtor                    )
                                    )
_____    )
```

## MEMORANDUM OF DECISION

Before the Court is a "Motion for Reconsideration and to Allow Late Filing of Appeal on Grounds of Excusable Neglect (Fed. R. Bankr. P. 8002(c))" (the "Motion") filed by Attorney Francis Lafayette ("Attorney Lafayette"). The Motion does present an ironic picture, in that it seeks leave to file late an appeal of this Court's order of June 10, 2004 which, in turn, took action to ameliorate a variety of similar acts of neglect by Attorney Lafayette. See In re LaFrance, et. al., 2004 WL 1376363 (Bankr. D. Mass.).

As in the underlying case(s), Attorney Lafayette cites his allegedly poor physical condition and the side effects of medication as cause for his having failed to meet this important deadline. In the underlying cases, he claimed to have suffered from dental and back problems. Here, he claims to suffer from diabetes and polyneuropathy.

2

As in the <u>LaFrance</u> decision, this Court finds the existence of the alleged illnesses insufficient to justify Attorney Lafayette's failure to timely act. It is unlikely that either or any of these alleged conditions interfered in any material way with his ability to file a timely notice of appeal. This Court has checked with the records of the Clerk's Office and is advised (and takes judicial notice) that during the period of June 10, 2004 to June 21, 2004 in which the filing would have been timely, Attorney Lafayette:

1.  appeared before this Court on June 16, 2004 in five (5) separate hearings; and

2.  electronically filed eighty three (83) pleadings, five (5) of which were new bankruptcy cases, spread throughout the relevant period.[1]

A copy of that listing is attached hereto.

In light of the foregoing, this Court finds that Attorney Lafayette's failure to timely file his notice of appeal was within his control and resulted from his own inexcusable negligence. The Motion will, accordingly, be denied. A separate Order shall issue.

DATED:     July 8, 2004

Henry J. Boroff
United States Bankruptcy Judge

cc:    Francis Lafayette, Esq.
       Denise Pappalardo, Chapter 13 trustee
       United States trustee
       Debtors

---

[1]Eighteen were filed on weekend days.

3

# Report of Filings by Attorney Frances Lafayette
## June 10, 2004 through June 21, 2004

### June 10, 2004

**03-44298**

| | | |
|---|---|---|
| 53 | Motion to Reconsider | Bennett |
| 54 | Declaration Re: Electronic Filing | Bennett |

**03-45556**

| | | |
|---|---|---|
| 35 | Motion to Reconsider | Gorski |
| 36 | Declaration Re: Electronic Filing | Gorski |

**04-42668**

| | | |
|---|---|---|
| 11 | Schedules A-J | Adasiewicz |
| 12 | Chapter 13 Agreement between debtor and counsel | Adasiewicz |
| 13 | Chapter 13 Plan | Adasiewicz |
| 14 | Motion to Extend | Adasiewicz |
| 15 | Declaration Re: Electronic Filing | Adasiewicz |

**04-43304**

| | | |
|---|---|---|
| 1 | Voluntary Petition (Chapter 13)(Attorney) | Pascale |
| 3 | Statement of Social Security Number(s) | Pascale |
| 4 | Declaration Re: Electronic Filing | Pascale |

**04-43338**

| | | |
|---|---|---|
| 1 | Voluntary Petition (Chapter 13)(Attorney) | Cabrera |
| 2 | Statement of Social Security Number(s) | Cabrera |
| 3 | Declaration Re: Electronic Filing | Cabrera |

Total Filings on:    June 10, 2004    **15**



June 11, 2004

**03-46928**
| 24 | Motion to Convert Case to Chapter 7 | Moccio |
| 25 | Declaration Re: Electronic Filing | Moccio |

**03-47195**
| 37 | Opposition | Kelly |
| 38 | Opposition | Kelly |

Total Filings on:    June 11, 2004    4



June 13, 2004

**04-43053**

| | | |
|---|---|---|
| 8 | Schedules A-J | McCarthy |
| 9 | Chapter 13 Plan | McCarthy |
| 10 | Motion to Extend | McCarthy |
| 11 | Chapter 13 Agreement between debtor and counsel | McCarthy |
| 12 | Declaration Re: Electronic Filing | McCarthy |

Total Filings on:    **June 13, 2004**    **5**



**June 14, 2004**

**02-45468**
| 123 | Stipulation | | Babb |

**04-43026**
| 9 | Schedules A-J | | Austin |
| 10 | Declaration Re: Electronic Filing | | Austin |

**04-43053**
| 13 | Notice | | McCarthy |

Total Filings on:    **June 14, 2004**    **4**



June 15, 2004

**02-47473**
73    Opposition

**04-41885**                                                                     Martin
19    Amended Chapter 13 Plan
20    Motion to Modify Plan                                   Mulverhill
21    Amended Schedules                                 Mulverhill
22    Motion to Amend Schedules                     Mulverhill
23    Declaration Re: Electronic Filing                  Mulverhill

Total Filings on:    **June 15, 2004**    **6**



June 16, 2004

**02-44216**
| | | |
|---|---|---|
| 50 | Chapter 13 Trustee's Motion for Order Dismissing Case | Ranger |

**03-47113**
| | | |
|---|---|---|
| 52 | Opposition | Dion |
| 53 | Opposition | Dion |

**04-04300**
| | | |
|---|---|---|
| 14 | Stipulation | Moreno |

**04-40724**
| | | |
|---|---|---|
| 65 | Motion to Extend | Buckert |
| 66 | Motion to Extend | Buckert |
| 67 | Exhibit A | Buckert |
| 68 | Amended Schedules | Buckert |
| 69 | Motion to Amend | Buckert |

**04-42835**
| | | |
|---|---|---|
| 8 | Notice | Yankson |

**04-43426**
| | | |
|---|---|---|
| 1 | Voluntary Petition (Chapter 7)(Attorney) | Wheeler |
| 3 | Statement of Social Security Number(s) | Wheeler |
| 4 | Declaration Re: Electronic Filing | Wheeler |

**04-43440**
| | | |
|---|---|---|
| 1 | Voluntary Petition (Chapter 13)(Attorney) | Arnold |
| 2 | Chapter 13 Plan | Arnold |
| 4 | Statement of Social Security Number(s) | Arnold |
| 5 | Declaration Re: Electronic Filing | Arnold |

Total Filings on:    **June 16, 2004    17**

June 17, 2004

**03-46552**

| | | |
|---|---|---|
| 73 | Amended Chapter 13 Plan | Bouffard |
| 74 | Motion to Amend | Bouffard |
| 75 | Amended Schedules | Bouffard |
| 76 | Motion to Amend | Bouffard |
| 77 | Certificate of Service | Bouffard |
| 78 | Declaration Re: Electronic Filing | Bouffard |

**04-40833**

| | | |
|---|---|---|
| 21 | Opposition | Fenner |

Total Filings on:    **June 17, 2004**        7



June 18, 2004

**04-41219**

| 41 | Stipulation | Kelley |
| 42 | Motion to Approve | Kelley |

Total Filings on:  **June 18, 2004**     **2**



## June 19, 2004

**03-46346**

| | | |
|---|---|---|
| 30 | Objection to Claim | Provost-Lamy |
| 31 | Declaration Re: Electronic Filing | Provost-Lamy |

**03-46928**

| | | |
|---|---|---|
| 31 | Notice of No Post Petition Creditors | Moccio |
| 32 | Declaration Re: Electronic Filing | Moccio |

**04-42636**

| | | |
|---|---|---|
| 12 | Amended Chapter 13 Plan | Rolo |
| 13 | Motion to Amend | Rolo |
| 14 | Amended Schedules | Rolo |
| 15 | Motion to Amend Schedules | Rolo |
| 16 | Declaration Re: Electronic Filing | Rolo |

**04-43537**

| | | |
|---|---|---|
| 1 | Voluntary Petition (Chapter 7)(Attorney) | Woods |
| 3 | Statement of Social Security Number(s) | Woods |
| 4 | Declaration Re: Electronic Filing | Woods |

Total Filings on:   **June 19, 2004     12**



**June 20, 2004**

**04-40809**
20   Opposition

Price

Total Filings on:   **June 20, 2004**     **1**

**June 21, 2004**



**01-43979**
|  |  |  |
|---|---|---|
| 54 | Notice of Post Petition Creditors | Moreno |
| 55 | Statement of Intent | Moreno |
| 56 | Declaration Re: Electronic Filing | Moreno |

**02-40021**
|  |  |  |
|---|---|---|
| 73 | Motion to Incur Debt | Barrett |

**02-45958**
|  |  |  |
|---|---|---|
| 77 | Opposition | Livingstone |

**02-46690**
|  |  |  |
|---|---|---|
| 69 | Motion to Continue/Reschedule Hearing | Knoll |
| 71 | Opposition | Knoll |
| 72 | Certificate of Service | Knoll |

**04-40249**
|  |  |  |
|---|---|---|
| 33 | Certificate of Service | Spears |

**04-41129**
|  |  |  |
|---|---|---|
| 13 | Motion to Appear Telephonically | Beaucage |

Total Filings on:     **June 21, 2004     10**

Total Filings for this report:    83.